

ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 09 3247 MHP

SHIPPING CORPORATION OF INDIA LIMITED,

            Plaintiff,

vs.

PROGRESS BULK CARRIERS, LTD.,

           Defendant.

) Case No.
)
) IN ADMIRALTY
)
) [PROPOSED] ORDER REGARDING
) THE APPOINTMENT OF
) SUBSTITUTE CUSTODIAN
)
)
)

       Plaintiff SHIPPING CORPORATION OF INDIA LIMITED, by and through its counsel of record, having appeared and made the following recitals:

       1.    On July 16, 2009, the Verified Complaint herein was filed seeking request for Process of Maritime Attachment and Garnishment of certain property belonging to Defendant PROGRESS BULK CARRIERS, LTD. ("PBC" or "Defendant") within this District as described in the Verified Complaint on file herein, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Assets Forfeiture Actions and held to satisfy Plaintiff's claims.

2. On July 16, 2009, the Clerk of this Court issued a Process of Maritime Attachment and Garnishment commanding the U.S. Marshal for the Northern District of California to attach and take into custody all Defendant's property within this District, whether tangible or intangible, including any such property held by any garnishee, which are due and owing to the Defendant, including but not limited to:

    A.    Defendant's bunkers and/or other fuel aboard the *M/V SUJITRA NAREE* ("the Vessel") now berthed at the Port of Crockett, California; and/or

    B.    Defendant's funds and/or other supplies currently held by Pacific Coast Maritime Agencies Inc. of 61 Avenida de Orinda, Suite F, Orinda, California 94563,

in the amount of US$636,433.96 pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Assets Forfeiture Actions and to maintain them in his (or her) custody until further Order of this Court.

3. It is contemplated that the U.S. Marshal will seize the Defendant's property forthwith. The U.S. Marshal does not provide the services for the safekeeping of the property he (or she) attaches.

4. Nielsen Beaumont Marine, Inc., a California corporation ("Nielsen Beaumont") has agreed to assume the responsibility for the safekeeping the Defendant's property, and has consented to act as its custodian until further Order of this Court, all for a sum, including storage and routine services required for safekeeping of the property, at its customary rates.

5. Nielsen Beaumont, by declaration, avers that it has adequate abilities and supervision for the proper safekeeping of the Defendant's property and that it possesses policies of insurance for Commercial Marine Liability, underwritten by Ace Fire Insurance Underwriters Ins. Company and Marine Insurance Company, with an aggregate coverage limit of $4,000,000.

///

6. Further, in accordance with the terms of this Order, Nielsen Beaumont, as Substitute Custodian accepts possession of and responsibility for the Defendant's property.

7. In consideration of the U.S. Marshal's consent to this substitution of custody, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of Defendant's property and all other necessaries pertaining and belonging to the property, from the time the U.S. Marshal transfers possession of such property to Nielsen Beaumont as Substitute Custodian, and Plaintiffs further agree to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

THEREFORE, IT IS HEREBY ORDERED that the U.S. Marshal for the Northern District of California be, and is hereby, authorized and directed, upon his (or her) seizure of the Defendant's property pursuant to the Process of Maritime Attachment and Garnishment, to surrender the possession thereof to Nielsen Beaumont as Substitute Custodian, and that, upon such surrender, the U.S. Marshal shall be discharged from further duties and responsibilities for the safekeeping of the Defendant's property and held harmless by Plaintiff from any and all claims arising whatsoever out of the substitute possession and safekeeping.

IT IS FURTHER ORDERED that Nielsen Beaumont be, and is hereby, appointed the custodian of the Defendant's property to retain it in its custody for possession and safekeeping, for the aforementioned compensation until further Order of this Court.

IT IS FURTHER ORDERED that all reasonable expenses for the safekeeping of Defendant's property shall be deemed administrative expenses of the U.S. Marshal and any and all unearned sums paid to the U.S. Marshal by Plaintiff shall be reimbursed to Plaintiff.

///

1  IT IS FURTHER ORDERED that the Plaintiff's counsel of record will serve
2  a copy of this Order on the Defendant's property and all parties who may appear in this
3  action.

6  Dated: 7/17, 2009

*/s/ Jeffrey White*
UNITED STATES DISTRICT COURT JUDGE

9  Presented by:

11  ELIZABETH P. BEAZLEY
    JOHN COX
12  JAMES A. MARISSEN
    JENNIFER M. PORTER
13  KEESAL, YOUNG & LOGAN
    A Professional Corporation
14  400 Oceangate, P.O. Box 1730
    Long Beach, California 90801-1730
15  Telephone: (562) 436-2000
    Facsimile: (562) 436-7416

17  Attorneys for Plaintiff
    SHIPPING CORPORATION OF INDIA LIMITED